UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the Matter of:

THE WACKENHUT CORPORATION,
4200 Wackenhut Drive
Palm Beach Gardens, FL 33410-4243        Case No. _____

        Plaintiff

v.

SEIU LOCAL 1,
111 E. Wacker Drive, Suite 2500
Chicago, IL 60601

        Defendant
_____/

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, The Wackenhut Corporation, a Florida corporation ("Wackenhut"), by and through undersigned counsel, for causes of action against the above-named Defendant, hereby allege, upon information and belief, for their Complaint, as follows:

### JURISDICTION AND VENUE

1.    This action is brought pursuant to Section 303 of the Labor-Management Relations Act ("LMRA" or the "Act"), 29 U.S.C. §187, to secure damages for violations of Section 8(e), 8(b)(1)(A), and Section 8(b)(4), 29 U.S.C, §158(e), 29 U.S.C. § 158(b)(1)(A), and 29 U.S.C. §158(b)(4). The jurisdiction of this Court is invoked pursuant to Section 303 of the LMRA, and, pursuant to Sections 1331 and 1337 of the United States Judicial Code, 28 U.S.C. §§1331, 1337.

2. The unlawful conduct and actions complained of herein were and are being committed in Chicago, Illinois. The Defendant regularly conducts business within this judicial district. Venue is properly laid in this Federal District court under Section 303(b) of the Act, 29 U.S.C. §187(b), and under Section 1391 of the United States Judicial Code, 28 U.S.C. §1391.

## RELEVANT PARTIES

3. Plaintiff Wackenhut is and, at all times herein mentioned, has been a corporation organized and existing under the laws of the State of Florida, with its headquarters located at 4200 Wackenhut Drive, Palm Beach Gardens, Florida 33410, where it is engaged in the provision of security services throughout the United States, including in the District of Columbia. In the course of its business, Wackenhut is involved in a continuous stream of trade and commerce between the several states of the United States, resulting from Wackenhut's provision of guard and other security services in the District of Columbia and other states. Wackenhut's continuing operations directly affect trade and commerce among the several states. Wackenhut is a "person" and an "employer" in an "industry affecting commerce" as those terms are defined in, and for purposes of, Sections 2(1), 2(2), 2(7), 8(e), 8(b)(1)(A), and 8(b)(4) and 303 of the LMRA, 29 U.S.C. §§ 151, et seq.

4. Defendant SEIU Local 1 ("SEIU Local 1" and/or the "Union") is a Local of the SEIU International Union. SEIU Local 1 is an unincorporated association duly authorized, constituted and existing under the laws of the United States and one or more of the states thereof, with offices, as well as its principal place of business located at 111 E. Wacker Drive, Suite 2500, Chicago, Illinois 60601. Defendant SEIU Local 1 is

organized and operated for the purpose of carrying on collective bargaining and labor relations with numerous employers engaged in intra-state and interstate commerce. In the conduct of its business, SEIU Local 1 has a substantial impact on interstate commerce. SEIU Local 1 is a "labor organization" as that term is defined in, and for purposes of, Sections 2(5), 8(e), 8(b)(1)(A), 8(b)(4) and 303 of the LMRA, 29 U.S.C. §§151 et seq.

## COUNT I

### WACKENHUT'S CLAIM FOR RELIEF UNDER LMRA SECTION 303, 29 U.S.C. SECTION 187 AS A RESULT OF VIOLATIONS OF SECTION 8(e)

5. On October 4, 2006, Wackenhut filed an unfair labor practice charge with Region 13 of the National Labor Relations Board ("NLRB") that alleged that Defendant SEIU Local 1 and BOMA/Chicago violated §8(e) of the LMRA, 29 U.S.C. §158(e).

6. As of October 4, 2006, and on various dates, continuing through the present, Defendant has directed building owners and managers in the Chicago market who are Wackenhut's neutral customers and prospective customers that guard services contracts may only be awarded to subcontractors covered by the SEIU Local 1 BOMA/Chicago Security Agreement.

7. On January 30, 2007, Wackenhut was informed that the General Counsel of the NLRB had directed that Complaint issue against SEIU Local 1 and BOMA/Chicago for violation of §8(e).

8. By the acts and conduct described in paragraphs 1 through 7, Defendant has threatened, coerced and restrained neutral companies engaged in commerce or in an industry affecting commerce.

9. The object of Defendant's acts and conduct as set forth in paragraphs 1 through 8 was and is to unlawfully force, coerce and require neutral companies to cease using, selling, handling, transporting or otherwise dealing in the products and services of and to cease doing business with The Wackenhut Corporation.

10. The effect of the union signatory clauses and conduct described in paragraphs 1 through 10 hereof, has been to disrupt and interfere with the normal business activities of neutral companies and has made it difficult and impractical for security service providers and others to do business with those companies. The consequences of the application and enforcement of the unlawful provisions coerces and encourages neutral companies to cease doing business with The Wackenhut Corporation.

11. The conduct and activity of Defendant herein was and is in violation of Section 8(e), 29 U.S.C. §§ 158(e). As a direct and proximate result of the illegal conduct of the Defendant as described above, Plaintiff Wackenhut has been injured in its business and property and has suffered actual damages in an amount in excess of $6 million dollars for lost profits, increased overhead, direct expenses, legal costs and lost business opportunities.

## COUNT II

### WACKENHUT'S CLAIM FOR RELIEF UNDER LMRA SECTION 303, 29 U.S.C. SECTION 187 AS A RESULT OF VIOLATIONS OF SECTION 8(b)(1)(A) and 8(b)(4)

12. On March 2, 2007, The Wackenhut Corporation filed charges with Region 13 of the NLRB that alleged that Defendant SEIU Local 1 violated §8(b)(1)(A) and §8(b)(4) of the LMRA, 29, U.S.C. §158(b)(1)(A) and 29 U.S.C. §158(b)(4).

13. The charge asserts that the maintenance and enforcement of union signatory clauses in the BOMA/Chicago-SEIU Local 1 Security Agreement and the requirement that grievances be processed pursuant to that Agreement, violates the prohibitions against "cease doing business" agreements incorporated into Section 8(b)4. Because the provisions, on their face, apply to subcontracted work that is not performed, nor has it ever historically been performed, by employees of BOMA/Chicago building owners, it cannot be work preservation. Additionally, the clauses are not limited to entities over which the building owners/employers have the right of control.

14. The effect of the union signatory clauses and conduct described in paragraphs 1 through 13 hereof, has been to disrupt and interfere with the normal business activities of neutral companies and has made it difficult and impractical for security service providers and others to do business with those companies. The consequences of the application and enforcement of the unlawful provisions coerces and encourages neutral companies to cease doing business with The Wackenhut Corporation. Additionally, the maintenance and enforcement of the unlawful clauses also restrains the Section 7 rights of Wackenhut employees to freely choose their bargaining representative or to choose not to be represented.

15. By the acts and conduct described in paragraphs 1 through 14 above, Defendant has threatened, coerced, and restrained neutral companies engaged in commerce or in an industry affecting commerce. The object of Defendant's acts and conduct as set forth was and is to unlawfully force, coerce and require neutral companies to cease using, selling, handling, transporting or otherwise dealing in the products and services of and to cease doing business with The Wackenhut Corporation.

16. The conduct and activity of Defendant herein was and is in violation of Sections 8(b)(1)(A) and 8(b)4, 29 U.S.C. §158(b)(1)(A) and 29 U.S.C. §§ 158(b)4. As a direct and proximate result of the illegal conduct of the Defendant as described above, Plaintiff Wackenhut has been injured in its business and property and has suffered actual damages in an amount in excess of $6 million dollars for lost profits, increased overhead, direct expenses, legal costs and lost business opportunities and damage to business reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment as follows:

1. That the Court grant Plaintiff damages in the sum found to have been sustained by the Company as a result of and in consequence of Defendant's unfair labor practices, pursuant to 29 U.S.C. § 187. On information and belief, such damages exceed $12 million dollars;

2. That the court grant Plaintiff exemplary (punitive) damages against Defendant in the amount of $5 million dollars, or in such sum as is determined by the Trier of Fact;

3. That the Court grant Plaintiff its reasonable costs in bringing this matter;

4. That the Court grant Plaintiff its reasonable attorneys' fees incurred in the prosecution of this matter;

5. That the Court grant Plaintiff pre- and post-judgment interest to the extent provided by law; and

6. That the Court grant Plaintiff such other and further relief as in the exercise of its discretion it deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury upon each and every one of their causes of action asserted herein with respect to which a trial by jury may be held.

Respectfully submitted,

STROBL & SHARP, P.C.

By: _____
Dennis M. Devaney, DC Bar No. 237420
300 E. Long Lake Road, Suite 200
Bloomfield Hills, Michigan 48304
(248) 540-2300
Fax: (248) 645-2690
Email: ddevaney@stroblpc.com
Attorneys for Plaintiff:
  The Wackenhut Corporation

Dated: March 2, 2007

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

THE WACKENHUT CORPORATION
Palm Beach Gardens, Florida 33410

## DEFENDANTS

SEIU LOCAL 1
Chicago, Illinois 60601

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Dennis M. Devaney, Bar No. 237420
Strobl & Sharp, P.C.
300 E. Long Lake Road, Suite 200, Bloomfield Hills, MI 48304
(248) 540-2300 / Fax: 248-645-2690
Email: ddevaney@stroblpc.com

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☒ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 USC §187 - Damage Action Against SEIU Local 1

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ 12,000,000.00  Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE March 2, 2007   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.