UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| The Wackenhut Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07cv436 |
| | ) | Judge Richard J. Leon |
| SEIU Local 1, | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION OF SPECIALLY APPEARING DEFENDANT
## SEIU LOCAL 1 TO QUASH SUMMONS AND DISMISS COMPLAINT

Pursuant to the Federal Rules of Civil Procedure, specially appearing Defendant SEIU

Local 1, by and through its counsel, moves for an order quashing the summons and dismissing

the Complaint filed in this action. In support of its motion, Local 1 relies on the following

grounds, together with the accompanying Memorandum of Points and Authorities and the

Declaration of Tom Balanoff:

1.      On March 5, 2007, The Wackenhut Corporation ("Wackenhut" or "Plaintiff")

filed this action against SEIU Local 1 ("Local 1" or "Defendant") under Section 303 of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 187. On March 19, 2007, a copy of the

Summons and Complaint was delivered to Local 1 at its principal business office, located at 111

E. Wacker Drive, Suite 2500, Chicago, Illinois.

2.      Wackenhut's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(2) because

this Court lacks personal jurisdiction over Local 1. As set forth more fully in Defendant's

accompanying Memorandum and Declaration, Local 1 is a nonprofit, unincorporated association

and Local Union based in Chicago, Illinois, which represents janitorial employees and bargains

with building service employers located in metropolitan Chicago and the surrounding geographic

region encompassing Illinois, Wisconsin and Missouri. Because Local 1 does not "maintain its

principal office" in Washington, D.C., and is not "engaged in representing and acting for

employee members" in the District of Columbia, Wackenhut has not satisfied the specific

"limitations and provisions" of the federal statutes governing venue and jurisdiction in actions

brought under LMRA Section 303. See 29 U.S.C. §§ 187(a), 185(b) and (c). Further,

Wackenhut cannot invoke "special jurisdiction" over Local 1 under the District's long-arm

statute because the claims alleged in this case do not arise from or relate to any conduct or

transactions by Local 1 within this District. To the contrary, the Complaint expressly pleads that

the Defendant's allegedly unlawful conduct and actions "were and are being committed in

Chicago, Illinois." Complaint, ¶ 2. Moreover, Local 1 is not subject to the court's "general

jurisdiction" under District of Columbia law because it does not reside in or continuously and

systematically conduct business within the District of Columbia.

3.      This Complaint must also be dismissed under Fed. R. Civ. P. 12(b)(3) for

improper venue. The governing statutory provisions provide that a federal court action under

LMRA Section 303 must be brought in a district court "having jurisdiction of the parties." 29

U.S.C. §§ 185(a), 187(b). Because this Court lacks personal jurisdiction over Local 1, venue in

this district is improper.

4.      Additionally, under Fed. R. Civ. P. 4(k)(1), 12(b)(4) and 12(b)(5) this Court must

quash purported service of the Summons and dismiss the Complaint for insufficient process

and/or service of process.

5.      Finally, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), this Court must dismiss the

Complaint for lack of subject matter jurisdiction and for failure to state a claim. As shown in our

2

Memorandum, Count I of the Complaint by its terms asserts a claim for violation of Section 8(e) of the National Labor Relations Act ("NLRA").  But the sole statutory basis for this action, LMRA Section 303, provides a cause of action for (and gives this Court subject matter jurisdiction over) only violations of *Section 8(b)(4)* of the NLRA.  Likewise, Count II of the Complaint asserts a claim for violation of Section 8(b)(1) of the NLRA – again, a claim that is not within this court's subject matter jurisdiction and that does not fall within the limited scope of LMRA Section 303.  As the balance of the Complaint fails to state a claim for violation of NLRA Section 8(b)(4), this action must be dismissed in its entirety.

5.    In accordance with Local Rule 7(m), Defendant states that on April 2, 2007, by its counsel Alexia Kulwiec, Local 1 conferred by telephone with Plaintiff's counsel, Dennis M. Devaney, who opposed Defendant's position in this matter.

WHEREFORE, specially appearing Defendant Local 1 respectfully requests that this Court enter an order quashing the Summons and dismissing the Complaint in this action.

Respectfully submitted,

Kathy L. Krieger, DC Bar No. 685877          Alexia M. Kulwiec, Esq.
James & Hoffman, P.C.                        111 E. Wacker Dr., Suite 2500
1101 17th Street, NW Suite 510               Chicago, IL 60601
Washington, DC 20036                         (312) 240-1600
(202) 496-0500 Tel
(202) 496-0555 Fax
Email: klkrieger@jamhoff.com

Counsel for Defendant SEIU Local 1

Dated: April 6, 2007

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| The Wackenhut Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07cv436 |
| | ) | Judge Richard J. Leon |
| SEIU Local 1, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION BY SEIU LOCAL 1
## TO QUASH SUMMONS AND DISMISS COMPLAINT

### INTRODUCTION

Plaintiff The Wackenhut Corporation ("Wackenhut") filed a complaint with this Court on

March 5, 2007 ("Complaint") against Defendant SEIU Local 1 ("Local 1"), seeking relief under

Section 303 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 187, for alleged

violations of the National Labor Relations Act ("NLRA").  On March 19, 2007, a copy of the

Summons and Complaint was delivered to Local 1 at its principal business office, located at 111

E. Wacker Drive, Suite 2500, Chicago, Illinois.

According to the Complaint, Local 1's violations of law "were and are being committed

in Chicago, Illinois."  Complaint, ¶ 2.  More particularly, Wackenhut bases its claims solely on

Local 1's alleged dealings with "building owners and managers in the Chicago market who are

Wackenhut's neutral customers and prospective customers," and on allegedly unlawful

provisions of "the BOMA/Chicago Security Agreement," a collective bargaining agreement

between Local 1 and various employers in the Chicago, Illinois market area.  Complaint, ¶¶ 6,

10, 13.

As shown below, multiple legal obstacles preclude Wackenhut from maintaining this action against Local 1.  Among other defects, this Court lacks personal jurisdiction over the Defendant, venue is improper, and Wackenhut has not effected valid service of process in this case.

First, Wackenhut cannot satisfy the relevant federal jurisdictional and venue requirements for bringing suit in this court under LMRA Section 303 because Local 1 does not maintain its principal office in the District of Columbia and does not represent or act for employee members in the District.  Moreover, Wackenhut cannot establish "specific jurisdiction" over Local 1, under the relevant local long-arm statute, because Wackenhut's alleged claims and injuries do not arise from Local 1's conduct or transactions within the District of Columbia.  And this Court does not otherwise have  "general jurisdiction" over the Defendant under District of Columbia law because Local 1 has no office, employees, agents, property or other cognizable presence in the District, and Local 1 does not engage in the requisite "continuous and systematic" business contacts that would constitute "doing business" by a foreign entity within the District.

Finally, in addition to the manifest lack of personal jurisdiction, failure of service and improper venue, Wackenhut's Complaint asserts claims that, as a matter of law, cannot be maintained in this or any other federal district court.

## ARGUMENT

I.     THE COMPLAINT MUST BE DISMISSED FOR LACK OF JURISDICTION OVER
       LOCAL 1, IMPROPER VENUE, AND INADEQUATE PROCESS AND SERVICE

### A.     This Court Lacks Personal Jurisdiction Over Local 1

As Plaintiff, Wackenhut bears the burden of establishing a prima facie case that this

2

Court has personal jurisdiction over Defendant Local 1. <u>Second Amendment Found. v. U.S.</u>

<u>Conf. of Mayors</u>, 274 F.3d 521, 524 (D.C. Cir. 2001); <u>First Chicago Int'l v. United Exch. Co.</u>,

836 F.2d 1375, 1378 (D.C. Cir. 1988) ("[T]he general rule is that a plaintiff must make a *prima*

*facie* showing of the pertinent jurisdictional facts").  In particular, Wackenhut must satisfy the

jurisdictional requirements of the federal statute governing its claims or, in the absence of such

provisions, must establish either "specific" or "general" jurisdiction under the District of

Columbia law providing for jurisdiction over non-consenting non-residents such as Local 1.

<u>United States v. Ferrara</u>, 54 F.3d 825, 828 (D.C. Cir. 1995).  "Bare allegations" and "conclusory

statements" do not suffice; rather, Wackenhut must allege "specific acts" sufficient to confer

jurisdiction over Local 1.  <u>Second Amendment Found.</u>, 274 F.3d at 524; <u>First Chicago</u>, 836 F.2d

at 1378 (finding inadequate plaintiff's "conclusory statements" that the continuous flow of

checks and wire transfers into and out of local accounts constituted transaction of business with

the District); <u>Naartex Consulting Corp. v. Watt</u>, 722 F.2d 779, 787 (D.C. Cir. 1983) (citing

authorities).  We show below that Wackenhut does not and cannot allege specific jurisdictional

facts sufficient for a prima facie case under either federal or District law.

Because Wackenhut bases this action on Section 303 of the LMRA, we look first to the

jurisdictional provisions of that federal statute.  Section 303 permits certain actions in federal

district court "*subject to the limitations and provisions of section 185 of this title*." 29 U.S.C. §

187(b) (emphasis added).[1]  The referenced "limitations and provisions of section 185" include

_____

[1] 29 U.S.C. § 187 provides as follows:

(a) It shall be unlawful, for the purpose of this section only, in an industry or
activity affecting commerce, for any labor organization to engage in any activity
or conduct defined as an unfair labor practice in Section 158(b)(4) of this title.

3

the following special provisions governing jurisdiction and venue:

> (a) Venue, amount, and citizenship
> Suits for violation of contracts between an employer and a labor
> organization representing employees in an industry affecting
> commerce as defined in this chapter, or between any such labor
> organizations, may be brought in any district court of the United
> States *having jurisdiction of the parties*, without respect to the
> amount in controversy or without regard to the citizenship of the
> parties.
> . . . .
> (c) Jurisdiction
> For the purposes of actions and proceedings by or against labor
> organizations in the district courts of the United States, *district
> courts shall be deemed to have jurisdiction of a labor organization
> (1) in the district in which such organization maintains its
> principal office, or (2) in any district in which its duly
> authorized officers or agents are engaged in representing or acting
> for employee members.*

29 U.S.C. § 185(a), (c) (emphasis added).

From the face of the Complaint, it is clear that Wackenhut has not even attempted to

satisfy the LMRA's threshold jurisdictional requirements for suing Local 1 in this Court.

Instead, the Complaint by its terms actually negates jurisdiction under these federal LMRA

provisions, as well as under the alternative D.C. Code provisions discussed further below.  In

particular, the Complaint acknowledges that Local 1 is an unincorporated association having its

"principal office" in Chicago, not Washington, D.C. (Complaint, ¶ 4); and that the alleged

conduct giving rise to Wackenhut's claims likewise took place in Chicago, if at all.  Complaint,

---

> (b) Whoever shall be injured in his business or property by reason [of] any
> violation of subsection (a) of this section may sue therefor in any district court of
> the United States subject to the limitations and provisions of section 185 of this
> title without respect to the amount in controversy, or in any other court having
> jurisdiction of the parties, and shall recover the damages by him sustained and the
> cost of the suit.

¶¶ 2, 6, 10, 13. The only suggested connection between Local 1 and the District of Columbia is Wackenhut's generic, boilerplate recital that "Defendant regularly conducts business within this judicial district." Complaint, ¶ 2. That factually unsupported conclusion does not come close to justifying an action against Local 1 in this court. See Second Amendment Found., 274 F.3d at 524 (bare "legal conclusion" fails to make the required prima facie jurisdictional showing); First Chicago, 836 F.2d at 1378 ("Conclusory statements such as these . . . '[do] not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction'") (quoting Naartex Consulting, 722 F.2d at 787).

Given these facial defects in the Complaint, the Defendant's supporting evidence only underscores the lack of personal jurisdiction in this case. Addressing 29 U.S.C. § 185(c)(1), Local 1's Declaration establishes that Local 1 maintains no office of any kind, and certainly no "principal office," in the District of Columbia. Declaration of Tom Balanoff ("Balanoff Decl.") ¶ 3. With respect to Section 185(c)(2), Local 1 confirms that its "duly authorized officers or agents" are not "engaged in representing or acting for employee members" within the District of Columbia. Id. at ¶¶ 2-8. These facts make it clear that Wackenhut cannot satisfy the jurisdictional "limitations and provisions" of the LMRA.

Local 1's Declaration also forecloses Wackenhut's resort to District of Columbia law as a basis for "specific" or "general" personal jurisdiction in this case. First, even the broadest provision of the District of Columbia's "long-arm" statute, D.C. Code § 13-423(a)(1), allows the exercise of "specific jurisdiction" over non-residents only for those claims "arising from" their

"transacting any business" within the District. [2] Gorman v. Ameritrade Holding Corp., 293 F.3d

506, 509 (D.C. Cir. 2002); Savage v. Bioport, Inc., 460 F. Supp.2d 55, 60 (D.D.C. 2006) ("If a

defendant does not reside within or maintain a principal place of business in the District of

Columbia, then the District's long-arm statute, D.C. Code § 13-423, provides the only basis in

which a court may exercise personal jurisdiction over the defendant") (citing Deutsch v. U.S.

Dep't of Justice, 881 F. Supp. 49, 52 (D.D.C. 1995), aff'd, 93 F.3d 986 (D.C. Cir. 1996)).  As the

D.C. Circuit has emphasized, section 423(b), the long-arm statute's critical limiting provision,

explicitly " bar[s] . . . claims unrelated to the acts forming the basis for personal jurisdiction."

Naartex Consulting, 722 F.2d at 785 (citing Willis v. Willis, 655 F.2d 1333, 1336 (D.C.

Cir.1981)).  Because Wackenhut's claims do not arise from any alleged conduct or transaction by

Local 1 within the District, this Court may not exercise "specific jurisdiction" over Local 1.

Gorman, 293 F.3d at 509.

As for "general jurisdiction," D.C. Code §13-334(a) makes a "foreign corporation"

subject to lawsuits in the District courts, on claims not arising from its conduct in the District,

only if that foreign corporation qualifies as "doing business" in the District.[3] Gorman, 293 F.3d

---

[2] D.C. Code § 13-423(a)(1) Section 13-423 provides, in relevant part:

13-423. Personal jurisdiction based upon conduct.
(a) A District of Columbia court may exercise personal jurisdiction over a person,
who acts directly or by an agent, as to a claim for relief arising from the person's --
    (1) transacting any business in the District of Columbia;
. . . .
(b) When jurisdiction over a person is based solely upon this section, only a claim
for relief arising from acts enumerated in this section may be asserted against him.

[3] D.C. Code § 13-334(a) has been interpreted as coextensive with constitutional Due
Process limits on "general jurisdiction" over foreign corporations in actions not arising from their
conduct in or contacts with the forum.  Gorman, 293 F.3d at 510 (citing Hughes v. A.H. Robins

at 509.  We note at the outset that this jurisdictional predicate appears unavailable here because, as Wackenhut itself alleges (Complaint, ¶ 4), and as Local 1's testimony confirms (Balanoff Decl. ¶ 2), Local 1 is an unincorporated association and labor organization, not a "corporation," and thus does not fall within the literal terms of Section 13-334.  In any event, without conceding that Section 13-334 applies, we submit that Local 1 does not "do business" in the District as required by controlling law.  To establish general jurisdiction over Local 1 under the "doing business" standard, Wackenhut must show that Local 1 has "continuous and systematic" business contacts with the District of Columbia.  See Gorman. 293 F.3d at 510 and n.2 (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415 (1984)); Savage, 460 F. Supp.2d at 59. Local 1's testimony conclusively refutes any such contention.

As the Declaration confirms, Local 1 does not maintain any offices, employees or agents in Washington, D.C.; does not regularly recruit members or solicit business customers in the District, whether through in-person visits, telephone calls, wires or mailings to D.C. residents; does not conduct business transactions in the District through on-line interactive services; does not represent any members or non-members employed in the District; does not bargain collectively with employers in the District; and does not negotiate or execute other business

_____

Co., 490 A.2d 1140, 1142, 1149 (D.C. 1985)).  Section 13-334 provides as follows:

> § 13-334. Service on foreign corporations.
>
> In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or, where he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, where there is no such place of business, by leaving a copy at the place of business or residence of the agent in the District, and that service is effectual to bring the corporation before the court.

7

contracts in the District of Columbia.   Balanoff Decl. ¶¶ 2-9.  Under similar factual

circumstances, this Court has found no basis for general jurisdiction over a foreign corporation.

Savage, 460 F. Supp.2d at 59.[4]

In summary, Wackenhut's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(2)

for lack of personal jurisdiction over Local 1.

### B.      Venue is Improper

The venue provision governing federal court actions under LMRA Section 303 requires

that any such lawsuit be brought in a U.S. district court "having jurisdiction of the parties."  29

U.S.C. § 185(a).  Because this Court does not have jurisdiction over Local 1, venue here is

improper, and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(3).

### C.      Process and Service of Process Are Insufficient

Federal Rule 4(h) sets forth requirements for service on an association such as Local 1.

No specific factual showing has been made that service of the Summons and Complaint in this

case was made by a proper person, upon an officer, managing or general agent, or other agent of

Local 1 authorized by law or appointment to receive service for Local 1, or in any manner

sufficient under the Federal Rules.  See Rogers v. Wash. Fairmont Hotel, 404 F. Supp.2d 56, 58

---

[4] Although Local 1 has sporadically visited or communicated with agencies of the United States government located in the District of Columbia (Balanoff Decl. ¶ 10), the law is well settled that such "government contacts" – protected by the First Amendment right to "petition" – do not count as "doing business" in the District for jurisdictional purposes.  See Ferrara, 54 F.3d at 831; Naartex Consulting, 722 F.2d at 786-87.  As this Court has recognized, "entry into the District by nonresidents for the purpose of contacting federal governmental agencies cannot serve as a basis for personal jurisdiction."  Savage, 460 F. Supp.2d at 62 (citing Freiman v. Lazur, 925 F. Supp. 14, 24 (D. D.C. 1996)); Envtl. Research Int'l v. Lockwood Greene Engineers, 355 A.2d 808 (D.C. 1976).

(D. D.C. 2005). Moreover, service of a summons in accordance with the Federal Rules "is effective to establish jurisdiction over the person" of Defendant Local 1 only if Local 1 "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located . . . ." Fed. R. Civ. P. 4(k)(1)(A). Even if Wackenhut purported to serve its Summons and Complaint on Local 1 in the manner prescribed by Rule 4(h), that service was not effective here because Local 1 is not subject to the jurisdiction of the District of Columbia courts. Accordingly, the Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

II.    THE COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

"Federal courts are courts of limited jurisdiction and the law presumes that 'a cause lies outside this limited jurisdiction.'" Chelsea Condo. Unit Owners Ass'n v. 1815 A. St. Condo., 468 F. Supp.2d 136, 140 (D.D.C. 2007) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). As the Supreme Court has emphasized, because federal subject-matter jurisdiction is an "art. III" as well as a statutory requirement, "no action of the parties can confer subject-matter jurisdiction upon a federal court." Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982), quoted in Akinseye v. District of Columbia, 339 F.3d 970, 971 (D.C. Cir.2003). See Gen. Motors Corp. v. EPA, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction"). Thus, in the face of Local 1's challenge under Fed. R. Civ. P. 12(b)(1), Plaintiff Wackenhut bears the burden of showing that this Court has subject matter jurisdiction over the claims asserted in its Complaint. Carter v. Metro. Washington Transit Auth., 451 F. Supp.2d 150, 152 (D.D.C. 2006). Accord, Chelsea Condo., 468 F. Supp.2d at 140 (citing Lujan v.

9

Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

Wackenhut cannot meet this burden because its Complaint purports to bring claims that,

as a matter of law, cannot be maintained in this or any other federal district court.  As explained

below, Section 303 of the LMRA (29 U.S.C. § 187), the statute on which Wackenhut bases this

lawsuit, establishes federal subject matter jurisdiction and a cause of action *only* for violation of

Section 8(b)(4) of the NLRA (29 U.S.C. § 158(b)(4)).  Yet Count I of Wackenhut's Complaint, is

a claim for violation of NLRA Section 8(e), while Count II of the Complaint includes alleged

violation of NLRA Section 8(b)(1)(A).  Because neither LMRA Section 303 nor any other

federal statute permits an action in federal court for violations of Section 8(e) or Section 8(b)(1)

of the NLRA, this Court must dismiss Count I in its entirety, together with the 8(b)(1) allegations

of Count II, under Rules 12(b)(1) and 12(b)(6).  Moreover, despite Wackenhut's conclusory

reference to NLRA Section 8(b)(4), Count II fails to allege a cognizable 8(b)(4) violation.  Thus,

no part of the Complaint escapes dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

> **A.**    **This Court Lacks Subject Matter Jurisdiction Over Alleged
> Violations of NLRA Sections 8(e) and 8(b)(1)(A), and Those
> Allegations of the Complaint Fail to State a Claim**

On its face, Section 303 of the LMRA creates a narrow cause of action limited

exclusively to damages claims for violation of Section 8(b)(4) of the National Labor Relations

Act (29 U.S.C. § 158 (b)(4)).  29 U.S.C. § 187 (a), (b).  See Shepard v. NLRB, 459 U.S. 344, 351

(1983) ("Section 303 provides a remedy only for violations of § 8(b)(4) of the Act"); Local 20,

Teamsters v. Morton, 377 U.S. 252, 258 n.13 (1964).  Thus, as the courts have repeatedly

recognized, Section 303 establishes equally narrow federal subject matter jurisdiction, permitting

federal district courts to hear and remedy only claims for damages resulting from a violation of

NLRA Section 8(b)(4).  See, e.g., Tri-Gen Inc. v. Int'l Union of Operating Engineers, Local 150, 433 F.3d 1024, 1035, 1037 (7th Cir. 2006) ("Because federal court jurisdiction under 29 U.S.C. § 187 extends only to violations of Section 8(b)(4)," the court lacks power to entertain and remedy even the most patently clear 8(b)(1)(A) violation); Brown & Root, Inc. v. Louisiana State AFL-CIO, 10 F.3d 316, 321 n.4 (5th Cir. 1994) (noting that "[LMRA] section 303, which allows parties to sue for damages in federal district court, appears to be limited to violations of section 8(b)(4) and not to extend to violations of section 8(e)"); Atchison, T. & S. F. Ry. Co. v. Locals Nos. 70, 85, and 315, Int'l Bhd. of Teamsters, 511 F.2d 1193, 1195 (9th Cir. 1975) (a federal court is not empowered to "read this highly specific provision [LMRA Section 303] as embracing § 158(e) as well as § 158(b)(4) within the grounds for suit in the district court"); Lescher Bldg. Serv. v. Local 133, Sheet Metal Workers Int'l Ass'n, 310 F.2d 331, 335 (7th Cir. 1962) (LMRA Section 303(a) "state[s] merely that the conduct defined as an unfair labor practice in section 8(b)(4) is unlawful;" therefore, "for plaintiff to recover, it must be proved that defendant engaged in a strike or induced or encouraged the employees of any employer to cease work" as prohibited by Section 8(b)(4)); C&D Restoration, Inc. v. Laborers Local 79, No. 02-Civ-9448, 2004 WL 1878789, at *2-3 (S.D. N.Y. August 20, 2004) (agreeing with "[o]ther courts that have considered this question" that the federal courts' "limited subject matter jurisdiction . . . under the present statutory scheme does not extent to plaintiff's § 8(e) claims"); Betal Envtl. Corp. v. Laborers Local 78, 123 F.2d 156, 159-61 (S.D.N.Y. 2000) (LMRA Section 303 does not give courts jurisdiction over claims for violation of NLRA Section 8(e)).  In short, the prevailing authority makes it clear that this Court may not hear or remedy claims for violations of *any* provision of the NLRA other than Section 8(b)(4).

11

There is nothing unusual or unfair about this strict limitation on the power of the federal courts.  In fashioning our federal labor law regime, Congress deliberately assigned enforcement of nearly all NLRA provisions exclusively to the National Labor Relations Board, not the courts.  See Vaca v. Sipes, 386 U.S. 171, 179 (1967) (recognizing the general rule of so-called Garmon preemption that "neither state nor federal courts have jurisdiction" over actions or claims involving activity arguably subject to Section 7 or Section 8 of the NLRA) (quoting San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959)).  Thus, LMRA Section 303's authorization of limited, private damages actions to remedy only 8(b)(4) violations represents one of the few and narrow Congressional exceptions to the "general rule" of Garmon preemption.  See Atchison, T. & S. F. Ry., 511 F.2d at 1194; Betal Envtl., 123 F. Supp.2d at 159-61.  As the Supreme Court has emphasized, Congress has complete discretion to favor one statutory provision with a private right of action and judicial remedy, while withholding that recourse as to other violations:

> Congress has provided a judicial damage remedy for illegal secondary activity in Section 303 of the Labor Management Relations Act of 1947,  29 U.S.C. § 187 (1976).  Shepard and the Board agree that *§ 303 provides a remedy only for violations of § 8(b)(4) of the Act*, which, in turn, requires proof of coercion. . . Of course, Congress is free to provide a damage remedy for some violations of federal law, and not for others.

Shepard, 459 U.S. at 351 (emphasis added).  While "Congress is perfectly free to broaden the scope of [Section 303]" to include other similar or related statutory violations, "this court is not free to do so."  Atchison, T. & S. F. Ry., 511 F.2d at 1195 (noting that Congress chose not to expand LMRA Section 303 when adding violations to the NLRA in 1959).

Applying the foregoing authority, this Court can readily grant dismissal under Rule

12(b)(1) for lack of subject matter jurisdiction, without even reaching Rule 12(b)(6). In Count I of the Complaint, Wackenhut explicitly frames its "claim for relief . . . as a result of violations of Section 8(e)" of the NLRA (Complaint at p. 3), alleges that Local 1's "conduct and activity . . . was and is in violation of Section 8(e)" (Complaint ¶ 11), and states Wackenhut's demand for "actual damages" allegedly incurred "[a]s a direct and proximate result of" Defendant's alleged violation of Section 8(e). Complaint ¶ 11. As shown above, such claims and remedies are simply unavailable under LMRA Section 303. See Brown & Root, 10 F.3d at 321 n.4; Atchison, T. & S. F. Ry., 511 F.2d at 1195; C&D Restoration, 2004 WL 1878789, at *2-3 (no jurisdiction over Section 8(e) violation); Betal Environmental, 123 F.2d at 159-61 (same). Likewise, neither this Court nor any other court has jurisdiction over Wackenhut's Count II allegations seeking relief under Section 303 for alleged violations of NLRA Section 8(b)(1)(A). See Tri-Gen Inc., 433 F.3d at 1037 (court cannot adjudicate or remedy even the clearest Section 8(b)(1)(A) violation; instead, such a claim "would properly be heard by the NLRB").

Accordingly, this Court should dismiss Count I in its entirety, along with the allegations in Count II that Local 1 violated Section 8(b)(1)(A) of the NLRA.[5]

_____

[5] Although the Complaint also includes a conclusory assertion of jurisdiction under 28 U.S.C. §§ 1331 and 1337 (Complaint ¶ 1), those provisions do not confer jurisdiction otherwise denied under the controlling federal labor law. Lacking an affirmative right to sue under LMRA Section 303, Wackenhut cannot identify any other federal statute that provides a private right of action for unfair labor practices under the NLRA. Accordingly, the Plaintiff's generic reference to "federal question" or "commerce" jurisdiction under 28 U.S.C. §§ 1331 and 1337 cannot suffice to avoid the NLRB's exclusive and preemptive authority over violations of NLRA Sections 8(b)(1) and 8(e). See Atchison, T. & S. F. Ry., 511 F.2d at 1194 (applying Garmon preemption, finding no subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 over alleged Section 8(e) violations).

13

**B.      Plaintiff Does Not State a Claim for Violation of Section 8(b)(4)
of the NLRA**

This Court lacks subject matter jurisdiction over the remainder of the Complaint because

Wackenhut does not state a claim for violation of Section 8(b)(4) of the NLRA.  We note at the

outset that Count II is entirely vague as to which sections of 8(b)(4) Local 1 allegedly violated.

Yet by its conclusory allegation that Local 1 "threatened, coerced and restrained" (Complaint ¶

15), Wackenhut appears to intend a violation of Section 8(b)(4)(ii)(B) of the NLRA.  That

provision makes it unlawful for a labor organization to "threaten, coerce, or restrain any person . .

. where an object thereof is forcing or requiring any person . . . to cease doing business with any

other person."  29 U.S.C. § 158 (b)(4)(ii)(B).  Thus, for any alleged behavior by Local 1 to

violate Section 8(b)(4)(ii)(B) and give rise to an action under LMRA Section 303, that behavior

must involve actual or threatened confrontational conduct – not merely persuasion, haranguing,

importuning or embarrassment –  designed to force someone to cease doing business with

another.  Edward J. DeBartolo Corp. v. Florida Gulf Coast Building and Construction Trades

Council, 485 U.S 568, 575-578 (1988); NLRB v. Servette, Inc., 377 U.S. 46, 57 (1964).  See

Shepard, 459 U.S. at 351 ("Section 303 provides a remedy only for violations of § 8(b)(4) of the

Act, which, in turn, requires proof of coercion"); Teamsters v. Morton, 377 U.S. at 259 (under

LMRA Section 303, a union "is free to approach an employer to persuade him to engage in a

boycott," so long as it refrains from the coercive means proscribed by Section 8(b)(4)).

As the Supreme Court recognized in DeBartolo, treating forceful speech or other non-

violent expressive conduct as "coercion" would pose a serious conflict with the First

Amendment.  Accordingly, the Court has warned that Section  8(b)(4)(ii)(B)'s provisions must

14

be interpreted with great caution, and that its language cannot be given "broad sweep."

DeBartolo, 485 U.S. at 575-578.  In particular, the courts have construed "coerce" and "coercion"

to require conduct comparable in nature or effect to "violence, picketing, or patrolling" or

confrontational "intimidation by a line of picketers," rather than "only an attempt to persuade."

Id. at 578, 580.  See, e.g., Overstreet v. United Bhd. Of Carpenters, Local 1506, 409 F.3d 1199,

1208-12 (9th Cir. 2005) (construing "threaten," "coerce" and "restrain" narrowly to avoid serious

First Amendment problems, refusing to sanction peaceful union behavior that involved no

intimidation, physical blocking, massing in large numbers, following or harassing); Brown &

Root, 10 F.3d at 320 ("coerce" means "non-judicial acts of a compelling or restraining nature,

applied by way of concerted self help consisting of a strike, picketing, or other economic

retaliation or pressure in a background of a labor dispute"); Lescher Bldg. Serv., 310 F.2d at 335

(to recover under LMRA Section 303 "it must be proved that defendant engaged in a strike or

induced or encouraged the employees of any employer to cease work"); Gold v. Mid-Atlantic

Reg. Council of Carpenters, 407 F. Supp. 2d 719, 725-26 (D. Md. 2005) (recognizing NLRB's

traditional definition of "coercion" as "nonjudicial acts of a compelling or restraining nature,

applied by way of concerted self-help consisting of a strike, picketing, or other economic

retaliation and pressure in the background of a labor dispute;" noting that "cases finding activity

other than picketing to constitute 'coercion'. . . all rely on some physical dimension that rises

above 'mere persuasion'").

Here, Wackenhut alleges no acts or conduct by Local 1 that allegedly "threatened,

coerced, or restrained" any person, as defined above, to force them not to do business with

Wackenhut or any other firm.  Rather, the Complaint relies on language allegedly prohibited by

Section 8(e) of the NLRA to suggest that Local 1 violated Section 8(b)(4) of the NLRA (Complaint ¶¶ 13-15).  That equation, however, is untenable as a matter of law, for "to view [even] aggressive words as 'conduct' would nullify the crucial conduct/communication distinction" emphasized by the DeBartolo Court.  Gold v. Mid-Atlantic Reg. Council, 407 F. Supp. 2d at 727.  As the courts have made clear, Section 8(b)(4) regulates the conduct by which a party reaches the allegedly illicit contract language, not the resulting language itself.  See Carpenters Local 1976 v. NLRB (Sand Door & Plywood), 357 U.S. 93, 98-99 (1958) (construing former Section 8(b)(4)(A), Court found that 8(b)(4)(A) addressed only the Union's conduct in forcing an agreement, not the agreement itself: "A boycott voluntarily engaged in by a secondary employer . . . is not covered by the statute").  See also Atchison, T. & S. F. Ry., 511 F.2d at 1195; Betal Envtl., 123 F.2d at 159-61 (LMRA Section 303's authorization of actions to remedy violation of Section 8(b)(4) does not extend district court jurisdiction to "pure" violations of section 8(e)).

Finally, nowhere in the Complaint does Wackenhut allege that Local 1 attempted to encourage or induce employees to withhold services in violation of § 8 (b)(4)(i)(B) of the NLRA, 29 U.S.C. § 158 (b)(4)(i)(B).  See Servette, 377 U.S. at 55-57.  Nor does the Complaint specify any other alleged violation of Section 8(b)(4) of the NLRA.

In short, because Count II, like Count I, fails to state a claim for violation of Section 8(b)(4) of the NLRA, that Count too fails to satisfy LMRA Section 303.  Accordingly, Wackenhut's Complaint must be dismissed in its entirety for lack of subject matter jurisdiction.

CONCLUSION

For all the foregoing reasons, specially appearing Defendant Local 1 respectfully requests

that this Court enter an order quashing the Summons and dismissing the Complaint in its

entirety.

Respectfully submitted,

Kathy L. Krieger, DC Bar No. 385877      Alexia M. Kulwiec, Esq.
James & Hoffman, P.C.                     111 E. Wacker Dr., Suite 2500
1101 17th Street, NW Suite 510            Chicago, IL 60601
Washington, DC 20036                      (312) 240-1600
(202) 496-0500 Tel
(202) 496-0555 Fax
Email: klkrieger@jamhoff.com

Counsel for Defendant SEIU Local 1

Dated: April 6, 2007

17

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2007, I caused a copy of the foregoing

Motion of Defendant SEIU Local 1 to Quash Summons and Dismiss Complaint, accompanied by

the Defendant's Memorandum of Points and Authorities, Declaration, Proposed Order and LCvR

7.1 Certificate of Disclosure, to be served by electronic filing, by e-mail, and by first class mail,

postage prepaid, upon Plaintiff's counsel of record at the addresses shown below:


Dennis M. Devaney
Strobl, Cunningham & Sharp
300 East Long Lake Rd., Suite 200
Bloomfield Hills, MI 48304-2376

Email: ddevaney@stroblpc.com

Kathy L. Krieger

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Wackenhut Corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>SEIU LOCAL 1, )<br><br>Defendant ) | Case No. 1:07cv436<br>(Richard J. Leon, USDJ) |

## DECLARATION OF TOM BALANOFF

Tom Balanoff deposes and states as follows:

1.      I am now and at all times relevant to this action have been the elected President of

the Defendant in the above captioned case, named in the Complaint as "SEIU Local 1."

For purposes of this Declaration the Defendant, whose correct name is Service

Employees International Union, Local 1,  will be referred to as "Local 1."  I make this

Declaration based on my personal knowledge and in my capacity as Local 1's principal

elected official.

2.      Local 1 is an unincorporated association, labor organization and Local Union that

represents building service employees in the Midwestern region of the United States.  In

particular, Local 1 represents and acts for employee members in Illinois, Wisconsin, and

Missouri (collectively, "Midwestern Region").

3.      Local 1's principal office is located at 111 E. Wacker Drive in Chicago, Illinois.

In addition to that principal office, Local 1 also maintains satellite offices in Elmhurst,

Illinois; Milwaukee, Wisconsin; St. Louis, Missouri; and Kansas City, Missouri.  Local

1's officers, employees and agents reside and work in the Midwestern Region. Local 1 does not maintain a "principal office" or any other office or place of business within the District of Columbia.

4.     Local 1 has approximately 38,000 members. The majority of SEIU Local 1's members reside and work in the metropolitan Chicago area. Local 1's remaining members reside and work elsewhere in the Midwestern Region.

5.     Local 1 engages in the business of representing its members in the Midwestern Region of the United States, and primarily from its Chicago, Illinois office. Local 1 is not engaged in representing or acting for employee members within the District of Columbia.

6.     In the course of its business, Local 1 regularly negotiates and executes collective bargaining agreements in the Midwestern Region with employers located in the Midwestern Region. Those Local 1 collective bargaining agreements cover physical work sites located exclusively within the Midwestern Region. The "BOMA Chicago Security Agreement" referenced in the Plaintiff's Complaint, which was negotiated by Local 1 with a group of employers operating in the Chicago metropolitan area, is one such agreement. It does not cover any work locations, employment terms and conditions or employer operations outside the Midwestern Region. It was not negotiated or executed in the District of Columbia, and it does not apply within the District of Columbia.

7.     The Wackenhut Corporation ("Wackenhut") is currently signatory to a collective bargaining agreement with Local 1. That agreement with Wackenhut was not negotiated or executed in the District of Columbia, does not cover any work locations or employment terms and conditions in the District of Columbia, and does not apply to

2

employer operations outside the Midwestern Region.

8.      Local 1 does not maintain any office or place of business, employees, agents, or officers in the District of Columbia; does not own or lease business or residential real estate in the District; does not regularly recruit members or solicit business customers in the District, whether through in-person visits, telephone calls, wires or mailings to D.C. residents; does not maintain on-line interactive services for the conduct of business transactions within the District or with District residents; does not bargain collectively with employers in the District; does not represent members or non-members employed in the District; does not conduct its membership meetings in the District; does not negotiate or execute other business contracts in the District of Columbia; does not maintain a Post Office Box or mailing address in the District of Columbia; does not maintain a bank account in the District of Columbia; has not established or chartered any subsidiary or affiliated organizations in the District of Columbia; and has not registered any corporate entity or limited liability Company in the District of Columbia.

9.      SEIU Local 1 does not regularly conduct business in the District of Columbia and does not do so "continuously and systematically."

10.     In my capacity as an International Vice President of SEIU, and not as President of Local 1, I have occasionally traveled to Washington, D.C. to meet and communicate with the SEIU International staff, approximately 3-4 times a year. Some of these meetings take place in Washington D.C, while others do not.   On occasion, staff members of Local 1 petition a government agency, and communicate with governmental contacts on behalf of Local 1's members to process a case with a federal administrative agency.  Most, if not

3

all of my contact in Washington D.C. is in my capacity as SEIU International Vice-

President, regarding matters pertaining to SEIU, rather than its Local 1.

### CERTIFICATION PURSUANT TO 28 U.S.C. §1746

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____

Tom Balanoff

Dated : 4-5-07

Y:\Rosalba\LITIGATION\Wackenhut 303 Claim\pleadings\Balonoff4.4.07.doc

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Wackenhut Corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 1:07cv436 |
| | )    Judge Richard J. Leon |
| SEIU Local 1, | ) |
| Defendant. | ) |
| | ) |

**<u>ORDER</u>**

Upon consideration of the Defendant's Motion to Quash Service and Dismiss Complaint,

it is hereby ORDERED that the motion is GRANTED and all claims against SEIU Local 1 are

DISMISSED.

SO ORDERED this ____ day of _____, 2007.


_____
Honorable Richard J. Leon
United States District Judge
For the District of Columbia