UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Wackenhut Corporation,  )<br>  )<br>           Plaintiff,  )<br>  )<br>v.  )<br>  )<br>SEIU Local 1,  )<br>           Defendant.  )<br>_____)  | Case No. 1:07cv436<br>Judge Richard J. Leon |

### LOCAL CIVIL RULE 16.3 CONFERENCE REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3(d), the parties respectfully submit the following report of their conference regarding discovery and other topics as required by this Court's Case Management Order dated March 7, 2007 and Local Civil Rule 16.3(c). The joint conference was conducted by telephone between the undersigned attorneys for Plaintiff, The Wackenhut Corporation ("Wackenhut" or "Plaintiff"), and Defendant SEIU Local 1 ("Local 1" or "Defendant"). The results of the conference are set forth below:

**Brief Summary of Facts and Legal Basis for Claims and Defenses**

I.    Plaintiff's position

On October 4, 2006, Wackenhut filed an unfair labor practice charge with Region 13 of the National Labor Relations Board ("NLRB") that alleged that Defendant SEIU Local 1 and BOMA/Chicago violated §8(e) of the LMRA, 29 U.S.C. §158(e). The NLRB issued complaint against Defendant and BOMA/Chicago on March 19, 2007.

The NLRB Complaint alleges that Defendant has threatened, coerced and restrained neutral companies. The object of Defendant's conduct is to unlawfully force, coerce and require neutral companies to cease doing business with Wackenhut. As a result, Defendant has disrupted and interfered with the normal business activities of neutral companies and has made it difficult and impractical for security service providers and others to do business with those companies.

Defendant's conduct is in violation of Sections 8(b)(4) and 8(e), 29 U.S.C. §§ 158(b)(4) and (e). As a direct and proximate result of the illegal conduct of the Defendant as described above, Wackenhut has suffered substantial damages.

II.     Defendant's Position

For the reasons elaborated more fully in its pending Motion, Defendant contends that the Complaint must be dismissed on several grounds — including but not limited to lack of personal jurisdiction over Local 1, lack of subject matter jurisdiction and failure to state a claim — and that these fundamental barriers are ripe for decision based on the pleadings, motion papers and controlling law, without the need for threshold jurisdictional discovery. In addition and in the alternative, Defendant contends that this case presents no material triable issues of fact under LMRA Section 303, and that this Court should enter summary judgment dismissing Plaintiff's action with prejudice. Defendant further denies Plaintiff's claims on the merits.

**Matters Addressed Pursuant to Local Civil Rule 16.3(c)**

1.  Dispositive Motions. In response to the Plaintiff's Complaint, Defendant filed a Motion to Quash Summons and Dismiss Complaint on several asserted grounds, including lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)), lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)), and failure to state a claim (Fed. R. Civ. P. 12(b)(6)). Plaintiff filed an Opposition, Defendant filed its Reply, and this preliminary motion is currently before the Court for disposition.

In the event that this action is not dismissed (or, in the alternative, transferred to another District), then Defendant takes the position that this case can and should be resolved by dispositive motion. Plaintiff believes that further discovery is required before making any determination on whether a motion for partial summary judgment as to liability will be appropriate. Per the attached Proposed Scheduling Order, the parties agree and recommend that

the date for filing dispositive motions should be two months before the date of trial. Plaintiff would oppose any dispositive motion within the time periods required by the Federal Rules of Civil Procedure and/or applicable Local Rules. Defendant further submits that discovery should be stayed until its pending Motion to Quash Summons and Dismiss Complaint has been decided. Plaintiff has requested, inter alia, that it be permitted limited jurisdiction discovery.

2.    <u>Joining Parties or Amending Pleadings</u>.  At this time Plaintiff does not intend to join additional parties and does not have plans to amend the Complaint, but reserves the right to take such actions upon further discovery. Defendant reserves the right to oppose any motion to join additional parties or amend the Complaint (except for purposes of deleting claims and/or parties).

3.    <u>Assignment to Magistrate Judge</u>.  The parties believe that assignment to a Magistrate Judge would not be beneficial at this stage of litigation

4.    <u>Settlement</u>.  Plaintiff's position regarding the prospects for settlement in this case is difficult to ascertain at this early stage of litigation, but Plaintiff remains open to discussions. Under those circumstances, Defendant cannot opine as to the prospects for settlement but remains open to discussions.

5.    <u>Alternative Dispute Resolution</u>.  Understanding that ADR processes are the norm in this Court, the parties would cooperate in mediation by a Magistrate Judge at any stage; but the parties would oppose use of paid private ADR mechanisms as a wasteful and unnecessary expenditure at this time.

6.    <u>Dispositive Motions; Proposed Dates</u>.  The parties' positions with respect to dispositive motions are set out above in Paragraph 1.

7.    <u>Initial Disclosures</u>.  Pending resolution of Defendant's Motion to Quash Summons and Dismiss Complaint, the parties have not made initial disclosures. In the event that this action is

not dismissed (or, in the alternative, transferred to another District), then the parties agree to make initial disclosures within 21 days of Court action denying Defendant's pending motion.

8. <u>Discovery Plan</u>. As noted above, resolution of the pending Motion to Quash Summons or Dismiss Complaint will determine whether any part of this action may proceed before this Court. In its Opposition to that motion, Plaintiff asked this Court for "jurisdictional discovery," and Defendant opposed that request for the reasons set forth in its Reply. In the event that limited "jurisdictional discovery" is granted, the parties would anticipate that such discovery would be completed within 21 days. The parties further agree and recommend, as per the attached proposed Scheduling Order, that formulation of a discovery schedule should appropriately be deferred until the Court has ruled on the initial Motion to Quash Summons and Dismiss Complaint and its subsequent dispositive motion, if any.

9. <u>Expert Witnesses</u>. Plaintiff has not retained an expert witness if this case were to proceed to a trial, but may do so. Defendant has not retained an expert witness at this time, but Defendant reserves the right to oppose Plaintiff's expert and to present rebuttal expert testimony if appropriate.

10. <u>Class Actions</u>. This is not a class action.

11. <u>Bifurcation</u>. The parties believe there is no need to bifurcate these proceedings.

12. <u>Pretrial Conference</u>. As noted in Paragraph 1, above, Defendant believes that this case may be resolved through its initial Motion to Quash Summons and Dismiss Complaint, or if necessary a subsequent dispositive motion, and that the Court should defer the setting of a pretrial conference date until the Court rules on such motion. Plaintiff agrees that a pretrial conference date should be scheduled only after this Court rules on the pending motion.

13. <u>Trial Date</u>. As noted in Paragraphs 1 and 12, above, Defendant believes that this case may be resolved through its initial Motion to Quash Summons and Dismiss Complaint, or if

necessary a subsequent dispositive motion, and that the Court should defer the setting of a trial date until the Court rules on such motion. Plaintiff agrees that the Court should defer the setting of a trial date until the Court rules on the motion.

14. <u>Other Matters</u>. In accordance with the Court's Case Management Order dated March 7, 2007, and if the content of a Scheduling Order is not deferred until after this Court rules on Defendant's pending Motion to Quash Summons and Dismiss Complaint, the parties submit the attached Proposed Scheduling Order for the Court's reference.

Respectfully submitted,

| | |
|---|---|
| /s/ Dennis M. Devaney | /s/ KL Krieger (signed by leave by telephone) |
| Dennis M. Devaney, DC Bar No. 237420 | Kathy L. Krieger, DC Bar No. 385877 |
| STROBL, CUNNINGHAM & SHARP | JAMES & HOFFMAN, P.C. |
| 300 East Long Lake Rd., Suite 200 | 1101 17th Street, N.W., Suite 510 |
| Bloomfield Hills, MI 48304-2376 | Washington, D.C. 20036 |
| (248) 205-2300 | (202) 496-0500 |
| Attorneys for Plaintiff | Attorneys for Defendant |

Dated: May 21, 2007

### ECF CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2007, I electronically filed the foregoing **_Rule 16 Conference Report_** with the Clerk of the Court using the ECF system which will send notification of such filing to: attorneys of record, and I hereby certify that I have served via U.S. Mail the paper(s) to the non-ECF participants.

By: _/s/ Dennis M. Devaney_
Dennis M. Devaney (237420)
STROBL & SHARP, P.C.
300 E. Long Lake Rd., Suite 200
Bloomfield Hills, MI 48304
(248) 540-2300
Attorneys for The Wackenhut Corporation
ddevaney@stroblpc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| The Wackenhut Corporation,  )<br>                              )<br>            Plaintiff,         )<br>                              )<br>    v.                        )<br>                              )<br>SEIU Local 1,                 )<br>            Defendant.        )<br>_____) | Case No. 1:07cv436<br>J    Judge Richard J. Leon |

## SCHEDULING ORDER

The following requirements shall apply in the event that this case is not dismissed or transferred to another District pursuant to the Defendant's pending Motion to Quash Summons and Dismiss Complaint:

1. An initial Pretrial Conference will be held in this action within 30 days of this Court's ruling on the pending Motion to Quash Summons and Dismiss Complaint.

2. At the initial Pretrial Conference, a trial date will be set for a day certain, approximately sixty (60) days from the date set for the Final Pretrial Conference.

3. Discovery must be concluded three (3) months prior to the date of trial, unless counsel jointly propose a different agreed deadline as part of a discovery plan pursuant to Paragraph 6, below, and the Court issues an Order approving such different deadline.

4. With respect to motions: (a) the deadline for motions to join other parties and/or to amend the pleadings shall be 60 days from the Court's ruling on the pending Motion to Quash Summons and Dismiss Complaint; and (b) all dispositive motions must be filed no later than two (2) months prior to the date of trial.

5. Disclosures required by Fed. R. Civ. P. 26(a)(1) shall be made within 21 days from the date of this Scheduling Order, except insofar as the parties have agreed otherwise in their Rule 26(f) Conference and set forth in the Joint Report.

6. Within 14 days of this Scheduling Order, the parties shall jointly submit to the Court a proposed discovery plan pursuant to Federal Rule 26(f).

7. Counsel are encouraged to meet and confer in an effort to reach written stipulations of un-controverted facts. All relevant stipulations shall be filed with the Court no later than 7 days before trial.

8. The parties shall exchange and file with the Court a list of proposed witnesses, a list of proposed exhibits, the pre-marked exhibits themselves, and any other pre-trial disclosures required by Fed. R. Civ. P. 26(a)(3), no later than 7 days before trial, unless counsel jointly propose a different agreed deadline as part of a discovery plan pursuant to Paragraph 6, above, and the Court issues an Order approving such different deadline.

9. Within 14 days of the Court's ruling on dispositive motions, and in the event that any triable issues remain, a final Pretrial Conference will be scheduled.

SO ORDERED this ____ day of _____, 2007.

_____
Honorable Richard J. Leon
United States District Judge
For the District of Columbia